LIZZIE MEKA, Appellant, v. AMBROSE BROWN, Appellee.

1. **Practice in Supreme Court**: ARGUMENT BY APPELLEE AFTER APPELLANT'S REPLY: MOTION TO STRIKE. Where an appellee filed an amended abstract, disputing the correctness of the appellant's abstract of the record, and, after the appellant's reply to the argument of the appellee, the parties filed an agreement as to the true state of the record, *held*, that an additional argument thereafter filed by the appellee with respect to the record, as shown by such agreement, would not be stricken from the files.

2. **Seduction**: SETTLEMENT: FRAUD: PLEADING. Where to a plea of settlement, made by the defendant in an action of damages for the seduction of the plaintiff, the plaintiff replied by alleging that such settlement was obtained through the fraudulent representations of a third party, but without charging that in making such representations such party was acting at the instance or by the procurement of the defendant, *held*, that the reply was demurrable upon the ground that it did not state facts constituting a defense to the plea of the defendant's answer.

3. ——: ——: ——: EVIDENCE. Proof of such representations would be immaterial in such case until it should be shown that they were authorized by the defendant.

4. ——: ——: ——: DIRECTING JURY AS TO VERDICT. The settlement set up in the defendant's answer being complete on its face, and the same being admitted by the plaintiff, and the latter having failed to connect the defendant with the fraud used in procuring the same. *held*, that the court properly sustained a motion by the defendant for a verdict in his favor at the close of the plaintiff's testimony, upon the ground that the evidence showed that the plaintiff's cause of action was fully settled, and the alleged damages paid.

*Appeal from Johnson District Court.*—HON. S. H. FAIRALL, Judge.

SATURDAY, MAY 31, 1890.

ACTION to recover damages for an alleged seduction. From a verdict and judgment for the defendant, the plaintiff appeals. The facts appear in the opinion. *Affirmed.*

*M. J. Wade,* for appellant.

*Milton Remley,* for appellee.

GIVEN, J.—I. After the appellant's reply to the appellee's argument, the appellee filed an additonal argument which the appellant moves to strike. The appellee filed an amended abstract with his argument, and afterwards, to avoid the expense of a transcript, the parties filed an agreement as to the true state of the record. The appellee's additional argument was with respect to the record as shown by this agreement. While ordinarily such additional argument would not be considered, yet, under the circumstances of this case, the appellant's motion to strike is overruled.

1. PRACTICE in supreme court: argument by appellee after appellant's reply: motion to strike.

II. The controlling question was presented by the defendant's demurrer to the first count of the plaintiff's reply. The defendant answered, denying generally, and setting up a settlement and a release in writing, which, upon its face, is a bar to the recovery of the damages sued for. The plaintiff replied in two counts. There is some question as to whether the first count set up the defense of forgery or fraud. Clearly it was not intended to charge forgery in the sense that the plaintiff did not sign the instruments set out in the answer, for, though she denies signing it, in the next sentence she admits that she did sign it, but that it

2. SEDUCTION: settlement: fraud: pleading.

was not her voluntary act. She alleges that soon after the birth of her child, one F. J. Horak, in whom she reposed great confidence, represented to her that he was acting for her benefit, that the paper was simply giving him authority to get money for her to pay current expenses, that the defendant had consented to pay for her support and expenses until such time as he would marry her, that the defendant had paid three hundred dollars for such expenses, that it would not stop her from further recovery in case the defendant did not carry out his promise to marry her, and that the paper was simply a receipt for two hundred and fifty dollars, which Horak then paid the plaintiff. The plaintiff also alleges, in said count, that she is a Bohemian, unacquainted with, and unable to read, the English language, in which said paper was written, and "that her signature was procured thereto by reason of said false representation, on which she relied by reason of the confidence reposed in said F. J. Horak." Said count closes with a prayer that the contract be canceled. Subsequently the plaintiff amended her reply, tendering to defendant the two hundred and fifty dollars and interest. While it is not alleged in words that the representations made by Horak were fraudulent, it is evident, if the allegations are true, that such was their character. We think the fair construction of the count is that it pleads the fraud of Horak as a defense to the contract of settlement.

The defendant demurred to this count on the ground that it does not state facts constituting any defense as against the said answer, in that it fails to show that any acts of fraud or deceit charged therein were done at the instance or by the procurement of the defendant.

It will be observed that the count nowhere charges that the acts or representations of Horak were at the instance or by the procurement of the defendant. The question presented by the demurrer is, whether a party

to the contract is bound by the fraudulent acts of a: stranger thereto, done without his knowledge or authority. In all the cases cited by the appellant, the party perpetrating the fraud was either connected with the contract or acting by the authority of a party thereto. We understand the rule to be that, in order to enable a person to avoid a contract on the grounds of fraud, the other contracting party, by himself or one acting for him, must have been guilty of misrepresentations and deceit. There was no error in sustaining: the demurrer to the first count.

III. On trial the court held that the plaintiff was not entitled to introduce evidence as to the acts and

3. —: —: —: declarations of Horak, without first offer-
evidence.          ing evidence tending to show that Horak was acting at the instance or by the procurement of the defendant. We have seen that the defendant was not. bound by Horak's acts unless done at his instance or with his consent, and it follows therefrom that until there was evidence tending to show that he authorized the acts of Horak, they were immaterial. The appel-- lant insists that if she had been permitted to introduce the evidence of fraud it would have disclosed circumstances tending to show that Horak was acting for the defendant. We fail to discover such tendency in any of the questions objected to, as they all related to what Horak did, and not to anything that was said or done by the defendant.

IV. At the conclusion of the testimony the defendant moved for a verdict upon the following among other

4. —: —: —: grounds: "That the uncontradicted evi-
directing        dence shows that the said cause of action
jury as to
verdict.          was fully settled and all alleged damages. were adjusted and fully paid." The motion was sustained on the ground stated and a verdict returned.

As already stated, the contract of settlement and release set out was complete upon its face, and, as the plaintiff failed to offer any evidence tending to connect

the defendant with the alleged fraud of Horak, the instrument stands unimpeached and was a complete defense. We see no error, therefore, in sustaining the motion for verdict. AFFIRMED.

FRIDAY, OCTOBER 16, 1891.

UPON REHEARING.

PER CURIAM. A petition for rehearing having been filed in this case and examined by the court, it was thought that a rehearing was desirable. The reargument has been made, and the whole case re-examined. Our conclusion is that the former opinion should be adhered to. We do not desire to add anything to the original opinion, and the judgment of the district court will stand. AFFIRMED.